**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 22 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| Fernando Herrera Millan, | No. 21-870 |
| Petitioner, | Agency No.   A071-912-609 |
| v. | |
| Merrick B. Garland, U.S. Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Department of Homeland Security

Submitted February 17, 2023**
San Francisco, California

Before: S.R. THOMAS, MILLER, SANCHEZ, Circuit Judges.

Fernando Herrera Millan, also known as Bartolo Millan Flores, a native and citizen of Mexico, seeks review of an immigration judge's decision concurring in a negative reasonable-fear determination. We have jurisdiction under 8 U.S.C. § 1252. *See* 8 C.F.R. § 208.31(g)(1). We deny the petition.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review factual findings related to reasonable-fear determinations for substantial evidence, upholding the immigration judge's conclusion unless "any reasonable adjudicator would be compelled to conclude to the contrary." *Andrade-Garcia v. Lynch*, 828 F.3d 829, 833 (9th Cir. 2016) (quoting *Ai Jun Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014)). "We review de novo due process challenges to reasonable fear proceedings." *Orozco-Lopez v. Garland*, 11 F.4th 764, 774 (9th Cir. 2021) (quoting *Zuniga v. Barr*, 946 F.3d 464, 466 (9th Cir. 2019) (per curiam)).

1. Substantial evidence supports the immigration judge's conclusion that Herrera Millan did not face "a reasonable possibility that he . . . would be persecuted" if returned to Mexico, whether on a protected ground or otherwise. 8 C.F.R. §§ 208.31(c), 1208.31(c). With no history of past persecution, Herrera Millan emphasizes two facts that he says establish a likelihood of future persecution: (1) he received two threatening phone calls claiming that "they" were waiting for him in Mexico, and (2) his fellow informant, Vladimiro Gutierrez Navarro, was murdered after returning to Mexico. The immigration judge permissibly discounted those fears. First, the immigration judge noted that the threatening phone calls were made approximately ten years ago and that both the identity and motive of the callers were unknown. Second, Gutierrez Navarro's murder occurred twenty years after he stopped working as an informant, making any relationship between his murder and his work as an informant tenuous. The immigration judge also noted that Herrera Millan was

2

never an official informant and that the people he assisted in prosecuting are in the United States, not Mexico.

Because Herrera Millan did not establish a reasonable possibility of any persecution, the immigration judge had no need to reach the question of his membership in a proposed social group.

2. Substantial evidence supports the immigration judge's conclusion that Herrera Millan did not show "a reasonable possibility that he . . . would be tortured" in Mexico, 8 C.F.R. §§ 208.31(c), 1208.31(c), because he did not establish that anyone he fears would act "with the consent or acquiescence of a public official," *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020). Herrera Millan fears harm from drug traffickers, not public officials. His example of past harm, when drug dealers held a gun to his head and threatened him, occurred in the United States. Herrera Millan stated that no Mexican officials have ever mistreated him, that he did not know of any connection between the people who had previously threatened him and Mexican officials, and that his fellow informants who were killed upon return to Mexico were murdered by criminal organizations, not public officials.

Herrera Millan argues that his feared future harm would occur with government acquiescence because (1) there are some reports of collusion between organized crime and the Mexican government, (2) a previous handler for his informant work was arrested for participating in a bribery scheme linked to organized crime, and (3) Herrera Millan's arresting officer mentioned that

3                                                                                          21-870

Mexican authorities had been inquiring about his whereabouts. That evidence does not compel a conclusion that he faces a reasonable possibility of torture with government acquiescence if returned to Mexico. First, the reports alleging collusion do not establish a reasonable possibility that the unspecified criminal organizations Herrera Millan fears are connected to the Mexican government. Second, the corruption of his handler, an American official, has no bearing on the potential for Mexican public officials to acquiesce to torture. Third, despite his speculations, the fact that Mexican authorities were asking about Herrera Millan does not necessarily indicate that those authorities are connected to any harm he fears.

3. Herrera Millan's conclusory allegations of the immigration judge's bias are unsupported and meritless.

The motions for a stay of removal (Dkt. Nos. 3, 8) are denied. The temporary stay of removal is lifted.

**PETITION DENIED.**